No. 4581.

JOHN SEVIER v. SUCCESSION OF JAMES G. GORDON.

A rule against an executor or a succession can not be taken after the succession has been
closed and the executor has been discharged, nor can an order to sell succession prop-
erty be granted after the heirs have been in possession subsequently to a partition
among themselves.

APPEAL from the Probate Court, parish of Tensas.  *Cordill*, J.  *T.
P. Farrar & L. V. Reeves*, for plaintiff and appellee.  *Drake &
Garrett* and *W. B. Spencer*, for defendant and appellant.

Justices concurring:  Ludeling, Taliaferro, Howell, Wyly, Morgan.

LUDELING, C. J.  The plaintiff having a judgment against the suc-
cession of James G. Gordon, took a rule against the former executor of
the will of said Gordon and the heirs to show cause why the property
of the succession should not be sold to satisfy the judgment in the suit
of J. V. Sevier v. George Sargent et als.  We have decided that the
succession of Gordon had been closed, that the executor had been dis-
charged and his bond canceled, after having turned over to the heirs
at law the property of the succession.  A rule against the executor or
the succession could not be taken after the succession had been closed
and the executor had been discharged; nor could an order to sell suc-
cession property be granted after the heirs had been put in possession
after a partition among themselves.  The proceedings in this case are
unauthorized by law.

It is therefore ordered and adjudged that the judgment of the lower
court be annulled, and that there be judgment dismissing the suit at
plaintiff's costs.